1 | BRUCE K. WARREN* (PA SBN 896777)
**WARREN & VULLINGS LLP**
1603 Rhawn Street
Philadelphia, PA 19111
Telephone: (215) 745-9800
Facsimile: (215) 745-7880
bruce@warrenvullingslaw.com
*Lead Counsel for Plaintiff*

ALEXANDRA G. TAYLOR** (CA SBN 253963)
**PILOT LAW, P.C.**
101 W. Broadway, Suite 1050
San Diego, CA  92101
Telephone: (619) 255-2398
Facsimile: (619) 231-4984
E-mail: ataylor@pilotlawcorp.com
*Local Counsel for Plaintiff*

*Pro Hac Vice Application Pending
**Attorney of Record

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE C. AQUINO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LEGAL RECOVERY LAW OFFICES, INC.,<br>A California corporation,<br><br>Defendant. | Case No.: **'11CV1035 H    WVG**<br><br>**COMPLAINT FOR DAMAGES**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JORGE C. AQUINO, by and through his undersigned counsel, hereby complains of Defendant Legal Recovery Law Offices, Inc., and respectfully avers as follows:

///

///

-1-
**COMPLAINT FOR DAMAGES**

# I.

# INTRODUCTION

1. Plaintiff, Jorge C. Aquino, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

# II.

# JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant transacts business in this District and maintains a primary office in the District.

# III.

# PARTIES

4. Plaintiff, Jorge C. Aquino, is an adult natural person residing at 2222 Pacheco Street, #510,, Concord, CA 94521. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Legal Recovery Law Offices, Inc., ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of California, with its principal place of business located at 5030 Camino de la Siesta, Suite 340, San Diego, CA 92108.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

# IV.

# FACTUAL ALLEGATIONS

7. On or about May 5, 2010, Plaintiff started receiving calls from Defendant's agent, "Manuel", collecting on a debt allegedly owed on a HSBC Bank Nevada Account.

8. Defendant has been attempting to collect a balance due of approximately $1,500.00.

9. During the first calls from the Defendant, Plaintiff informed Defendant's agent, "Manuel", that he had retained the services of personal legal counsel to aid in his debt settlement and that the Defendant would need to speak with Plaintiff's attorney directly in this matter.

10. Defendant's agent, "Manuel", called the Plaintiff a liar and stated that he did not believe that the Plaintiff had an attorney.

11. Plaintiff's agent, "Manuel", insisted that the Plaintiff stop lying about an attorney, because if the Plaintiff could afford to pay an attorney, he could afford to pay off his debt.

12. Plaintiff was threatened by Defendant's agent, "Manuel", that if Plaintiff failed to make a payment on this account, that the Defendant would be calling the sheriff.

13. Defendant's agent, "Manuel", went on to ask the Plaintiff if he was aware that if the Defendant should call the sheriff in this matter, that the Plaintiff would certainly be going to jail.

14. Before ending the call, Defendant's agent, "Manuel", again threatened the Plaintiff, telling him "I promise I will get you".

15. Plaintiff continued to receive collection calls from the Defendant.

16. On or about May 6, 2010, Plaintiff's attorney sent a cease and desist letter to the Defendant. **See "EXHIBIT 1" (letter) attached hereto**.

17. Defendant continued to call the Plaintiff.

18. Any and all contact with the Plaintiff after knowledge that the Plaintiff has an attorney is a violation of the Fair Debt Collections Practices Act.

19. On or about June 18, 2010, Plaintiff's attorney sent a second cease and desist letter to the Defendant. **See "EXHIBIT 2" (letter) attached hereto**.

20. Defendant continued to call and demand that the Plaintiff pay the full balance due on this account.

21. Plaintiff was again told by the Defendant that if the Plaintiff failed to pay the $1,500.00 in full, he would end up in jail.

22. Plaintiff again asked the Defendant to please contact his attorney.

23. Defendant falsely told the Plaintiff that they did call his attorney and that they informed the Defendant that they did not represent the Plaintiff any longer.

24. Plaintiff's attorney states they have no record of Defendant ever calling into their office on this account.

25. On or about February 16, 2011, Plaintiff received a notice from the Defendant encouraging the Plaintiff to use his tax return to pay a limited time offer of $1,057.79. **See "EXHIBIT 3" (notice) attached hereto**.

26. Defendant's letter states that the plaintiff must accept this offer by April 30, 2011.

27. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

28. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

29. The Defendant and their agent's conduct was and continues to be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable.

30. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

31. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

32. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

33. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## V.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FDCPA

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive. |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person. |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection. |
| §§ 1692e(2) | Character, amount or legal status of the alleged debt. |
| §§ 1692e(4) | The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. |
| §§ 1692e(5) | The threat to take any action that cannot legally be taken or that is not intended to be taken. |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer. |
| § 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Legal Recovery Law Offices, (LRL), for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## VI.

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF

## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§1788 et seq.

37.  Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated in this complaint.

38.  Defendant's actions constitute numerous and multiple violations of the California Civil code §§1788 et seq. as alleged above including but not limited to, violations of:

| | |
|---|---|
| §§1788.10(b): | The threat that failure to pay a consumer debt will result in an accusation that the debtor committed a crime where such communication if made, would be false; |
| §§1788.10(e): | The threat to any person that nonpayment of the consumer debt may result in the arrest of the debtor; |
| §§1788.10(f): | The threat to take any action against the debtor is prohibited by this title; |
| §§1788.11 (d): | Causing telephone to ring repeatedly or continuously to annoy the person or; |
| §§1788.11(e): | Communicating by telephone or in person, with the debtor with such frequency as to be unreasonable or to constitute an harassment to the debtor under the circumstances; |
| §§1788.13(j): | The false representation that a legal proceeding has been; is about to be, or will be instituted unless a payment of a consumer debt is made. |

39. Defendant's actions constitute numerous and multiple violations of the California Civil code §§1788.17 by failing to comply with the FDCPA as alleged above.

40. As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to CA Civil Code §§1788.30 (a), statutory damages for a knowing or willful violation pursuant to CA Civil Code §§1788.30(b) and reasonable attorney's fees and costs pursuant to CA Civil Code §§1788.30(c) from Defendant.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Legal Recovery Law Offices, (LRL), for the following:

a. An award of actual damages pursuant to CA Civil Code §§1788.30 (a);

b. The maximum amount of statutory damages provided under CA Civil Code §§1788.30 (b);

c. For an award of costs of litigation and reasonable attorneys' fees pursuant to CA Civil Code §§1788.30(c); and

d. Such other or further relief as the Court deems just and proper.

## VII.
## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Date: May 11, 2011                    Respectfully submitted,

**PILOT LAW, P.C.**
**WARREN & VULLINGS LLP**


BY:  */s/ Alexandra Taylor*
ALEXANDRA G. TAYLOR, ESQ.
BRUCE K. WARREN, ESQ.
Attorneys for Plaintiff
JORSE C. AQUINO